UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DOUG MCGONEGLE** | : | Case No. 1:19-CV-00442-DRC |
| Plaintiff, | : | Hon. Douglas R. Cole |
| v. | : | |
| **SELECT COMFORT RETAIL CORPORATION** | : | |
| Defendant. | : | |

**PLAINTIFF DOUG MCGONEGLE'S MOTION FOR ATTORNEY FEES AND COSTS**

Pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff Douglas McGonegle moves the Court for an award of attorney fees and costs against Defendant Select Comfort Retail Corporation. The grounds supporting this motion are set forth in the accompanying memorandum.

Plaintiff will necessarily be supplementing this motion in the future to account for the fees and costs incurred in responding to the post-trial motions and any potential appeal.

<u>MEMORANDUM IN SUPPORT</u>

**I. INTRODUCTION**

Plaintiff, as a prevailing party in an action brought under the Americans with Disabilities Act, moves this Court for an award of his reasonable attorney fees, costs, and expenses incurred in prosecution of the matter. Attorney fees are authorized under the ADA pursuant to 42 U.S.C. § 12117, which incorporates the enforcement provisions of

1

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.  The hours Plaintiff's counsel expended in this matter, as set forth below, are reasonable, and the hourly rate requested for each of the involved attorneys is commensurate with, if not below, the rates charged by similarly experienced counsel in the Cincinnati legal community.

## II.  LAW AND ARGUMENT

### A.  Standard For Awarding Attorney Fees

A prevailing plaintiff in a civil rights action "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 416–17 (1978), quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968).  Plaintiff prevailed in his civil rights action against Defendant by way of a jury verdict awarding him back wages and benefits, non-economic compensatory damages, and substantial punitive damages.  There are no special circumstances that would render an award of fees and costs unjust in this case.

The next determination in awarding attorney fees is whether the fee requested is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This method, called the lodestar method, looks to the prevailing market rates in the relevant community.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).  The determination of the prevailing market rates is made at the time of the award, not at the time the work was performed, in order to account for the delay in payment.  *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989).

Ultimately, the Sixth Circuit employs 12 factors to evaluate the reasonableness of a fee award:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002).

### B. The Hourly Rates Requested By Plaintiff's Counsel Are Reasonable And In Line With the Rates Charged By Comparable Counsel In The Cincinnati Legal Community

"The Supreme Court has stated that in awarding fees, courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). The declaration of Brian J. Butler (Doc. 77-1), sets forth the requested billing rates for attorneys from MezibovButler who performed services for Plaintiff in connection with this case. As the Court will note, MezibovButler accepted this case on a contingency fee basis[1] and took the risk of representing Plaintiff for no compensation at all.

Moreover, counsel's rates are inclusive of all expenses involved in operating a law practice. MezibovButler does not separately charge for time spent by paralegals and administrative staff, nor does it separately bill for certain expenses such as copying and

---

[1] The contingent nature of a fee agreement, which includes a substantial risk of nonpayment, should be considered by the Court when evaluating the reasonableness of a requested hourly rate. *See Paschal* factors, *supra*. *See also Blum v. Stenson*, 465 U.S. 886, 903 (1984) (Brennan, J., concurring) ("It is clear, therefore, that Congress authorized district courts to award upward adjustments to compensate for the contingent nature of success, and thus for the risk of nonpayment in a particular case.").

3

legal research. Such separate charges are common in the legal community and courts often award fees and costs for such work. *See Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979).

Plaintiff requests that the Court award the following hourly rates for the work performed by his counsel: $450 per hour for Brian Butler; $450 per hour for Susan Butler; $250 per hour for Daniel Treadaway; and $225 per hour for Dennis Gleason. These rates are in line with, if not below, the rates charged by attorneys of comparable experience in the Cincinnati legal community.

The declarations of Matthew Rich (Doc. 77-3) and Anthony Hornbach (Doc. 77-2) are also submitted for the Court's consideration. Mr. Rich practices employment law at a mid-sized Cincinnati firm and currently charges $540 per hour. Mr. Rich's experience is comparable to that of Brian and Susan Butler. Mr. Hornbach practices commercial litigation, including some employment litigation at Thompson Hine, one of the largest firms operating in the State of Ohio. He graduated from law school in the same year as Brian and Susan Butler and he engaged in a substantially similar practice. The Hamilton County Court of Common Pleas recently awarded Mr. Hornbach a rate of $500 per hour for work performed in 2021. The declarants agree that the requested rates are reasonable.

In light of the above evidence, the hourly rates sought for the work performed by the undersigned, as well as the work performed by Susan Butler, Daniel Treadaway, and Dennis Gleason, are more than reasonable.

    **C.**    **The Number Of Hours Expended Were Reasonable**

In determining the reasonableness of the hours expended on a case, the Court should concentrate on whether a "reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was

performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). Time spent litigating the fee award should also be included in the award. *Weisenberger v. Hucker*, 593 F.2d 49 (6th Cir. 1979).

While this Court need not automatically accept the hours claimed, to the extent that the hours are rejected, the Court must indicate some reason for its action. If the Court decides to eliminate hours of service adequately documented by the attorney, it must identify those hours and articulate a reason for the elimination. *Northcross*, 611 F.2d at 636. The question is not whether the party prevailed on a particular motion or whether the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed. *Woolridge*, 898 F.2d at 1177.

The number of hours Plaintiff's counsel expended in this matter is reasonable. All of the hours were directly related to intake of the case, research of the applicable law, conducting discovery, responding to dispositive motions, preparing for trial, trying the case, and post-trial motion practice. This case spanned nearly five years, including the pre-suit administrative process. During discovery, Defendant produced over 4,700 documents that counsel had to review. Defendant also vigorously pursued summary judgment.

And, as an example of the complexity of the case, oral argument on Defendant's summary judgment motion lasted approximately two and a half hours. Thereafter, Defendant filed a motion to strike Plaintiff's jury demand, moved to continue the trial after a substantial amount of preparation had taken place, and the parties engaged in substantial pretrial motion practice surrounding motions *in limine* and jury instructions.

Certainly Defendant cannot quibble with the outcome counsel obtained for Plaintiff as a result of the work performed. Plaintiff obtained a full economic recovery, a substantial award for non-economic damages, and a very large award of punitive damages. Such a large award is a testament to the quality of the work Plaintiff's counsel performed on the case.

Plaintiff's counsel prides itself on efficiency. The submitted hours do not include excessive conferences between counsel or duplication of effort. Additionally, Plaintiff's counsel did not staff the trial with two more experienced attorneys with higher hourly rates (as did Defendant). Instead, Plaintiff's trial counsel was assisted by a young associate, for whom Plaintiff is seeking a much lower hourly rate.

Plaintiff is seeking reimbursement for the following hours for each counsel, as set forth in the detailed fee listing attached to the Declaration of Brian J. Butler:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Brian J. Butler | $450 | 299.8 | $134,910.00 |
| Susan L. Butler | $450 | 126.2 | $56,790.00 |
| Dennis A. Gleason | $225 | 60.1 | $13,522.50 |
| Daniel J. Treadaway | $250 | 42.5 | $10,625.00 |
|  |  | Total | $215,847.50 |

### D. The Costs And Expenses Are Reasonable

"The authority granted in section 1988 to award a 'reasonable attorney's fee' included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services. Reasonable photocopying, paralegal expenses, and travel and telephone costs

6

are thus recoverable pursuant to the statutory authority of § 1988." *Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979). Section 1988 also provides for the recovery of expert fees. 42 U.S.C. § 1988(c). 28 U.S.C. § 1920 similarly provides that a prevailing party may recover certain costs, including filing fees, court reporter fees, witness fees, expert fees, and the like.

The costs Plaintiff seeks to recover are reasonable. Many, such as the filing fee, medical record expenses, and court reporter fees were necessary to the ordinary prosecution of the case, and they are expressly authorized by statute. As is the cost for the trial transcript, which Plaintiff necessarily ordered to respond to Defendant's post trial motion.

The same can be said of the mediator fees, which counsel incurred in a good faith effort to resolve the case in advance of trial. Fee-paying clients regularly pay for the cost of a mediator, and thus such costs are recoverable under § 1988. *See Newman v. City of Payette*, No. 1:15-CV-00145-CWD, 2016 WL 1611430, at *5 (D. Idaho Apr. 21, 2016) (Mediator costs are normally charged to a fee-paying client and, thus, recoverable).

Plaintiff is also seeking recovery for the cost of two consulting experts concerning the signature on the disputed July 2017 written warning that Plaintiff denied receiving or signing. Ultimately, both experts were unable to reach a conclusion on the authenticity of the signature due to Defendant's destruction of the original and the poor quality of the copy produced in discovery.[2] (Butler Decl.). Section 1988 expressly provides for recovery

---

[2] When considering evidence following a verdict, the evidence must be construed in a light most favorable to the verdict. *Ross v. Meyers*, 883 F.2d 486, 488 (6th Cir. 1989). Thus, for purposes of this motion, Plaintiff did not sign the disputed written warning and his signature was forged on it. In such a light, Plaintiff's consultation with two handwriting experts was eminently reasonable. Moreover, Defendant's

of expert fees. Moreover, fee-paying clients are responsible for expert fees, whether they are testifying experts or consulting experts. And, indeed, Plaintiff is responsible for paying the expenses of the two consulting experts in this case. Thus, such expenses are recoverable.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff Doug McGonegle respectfully requests that the Court award him $215,847.50 in fees and $9,104.52 in costs, as well as the fees and costs Plaintiff incurs after the drafting of this motion to respond to post-trial motions and any potential appeal.

Respectfully submitted,

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
**MEZIBOV BUTLER**
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Attorney for Plaintiff*

---

failure to maintain the original warning document violated federal document retention regulations. *See* 29 C.F.R. § 1602.14.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system on April 1, 2022.

/s/ Brian J. Butler
Brian J. Butler
